W. H. BEAZLEY *v.* JOHN MARET AND OTHERS.

**Pleading — Verification by Wife.**
> The wife cannot verify a pleading for her husband, unless she states that she is his agent.

**Process — Constructive Service — Appeal — Appearance.**
> By an appeal from a judgment rendered on constructive service of process appearance is entered and the party is bound to present his defense when the judgment is reversed, or move for time to do so.

APPEAL FROM GARRARD CIRCUIT COURT.

June 9, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The judgment in the consolidated cases of Maret and others against W. H. Beazley was before this court and reversed at its December term, 1864; the proceedings were against Beazley on constructive service of process, but when he appealed from the judgment below his appearance was entered.

On the return of the case the court below at its March term, 1865, rendered another judgment, conformable to the opinion of this court.

On the same day of the term an answer and petition in the name of defendant sworn to by his wife was offered and rejected by the court. She filed an affidavit and asked to be permitted to defend for her husband, but does not anywhere state that she was his agent.

At the September term, 1865, of the court sixty days were granted defendant Beazley to file his answer, counterclaims, cross-petitions, etc., to have the same effect as if then filed.

In the meantime an appeal to this court was being prosecuted to reverse the judgment rendered on the return of the cause from this court, and which judgment was affirmed by this court September 15, 1865.

The mandate of this court on this affirmance was filed in the court below at its February term, 1866, and on the twentieth day of the month, three days thereafter, defendant Beazley offered to file his answer and amended answer, which was objected to, and the objection sustained, from which order he prosecutes this appeal.

In these answers he presents a substantial defense for nearly $2,000 to Mrs. Lucy Beazley's claim.

He also presents substantial reasons why the claim of John S. Gill and Jas. S. Robinson should not have been allowed against him personally, as these were claims against his decedent, B. F. Beazley, deceased, of whose estate he had been administrator.

But as his appearance was entered to the various suits by his appeal in 1864, he comes now too late to be heard on defenses which then existed.

These judgments first being on constructive notice he had five years to come in by petition to open them and set them aside, but having appealed he was bound to present his defense when the judgments were first reversed, or move for time to do so, if he had substantial reasons for delay, before any subsequent judgment should be rendered, as this would be upon actual appearance; he neither presented this defense nor moved for additional time.

The court at a subsequent term gave him sixty days to file his defenses, the legality of which might well be doubted, yet he did not present his defense within this period, nor does he assign any substantial reason for not doing so.

As by section 14, Civil Code, he will not be cut off from seeking a recovery on his claims against Lucy Beazley, and as he will be entitled to resort to the estate of B. F. Beazley for the amount of the debts paid to Gill and Robinson for it, his vendees against them will, perhaps, do him all the justice within the court's power, even if these answers had been presented in time.

The sale of the property being beyond the control of the court the sacrifice by reason thereof could not be redressed by these defenses, and as he may by independent action, perhaps, recover the amount unjustly recovered from him, should he establish the facts presented in his answers, the seeming hardship of his case is greatly relieved; but however this may be, the defenses set up cannot be allowed in these cases. Therefore, the judgment rejecting said answer and amended answer was correct.

The affidavit controverting the cause of attachment does not deny he was in the Confederate army; if he was in the army, it was not necessary that he should have been there for sixty days. Going with such service is a cause of attachment by section 1, Act of December 23, 1861 (Myers Supplement to Rev. Stat. 38.).

Besides this affidavit should have been presented before any judgment was rendered after his appearance to the suit.

The judgment must, therefore, be affirmed.